# In the United States District Court
# for the Southern District of Georgia
# Waycross Division

MIGUEL MALDONADO,     *
                              *
      Plaintiff,                *
                              *
v.                                 *     CIVIL ACTION NO.:CV513-003
                              *
HILARY RODHAM CLINTON,     *
Former Secretary of State,     *
                              *
      Defendant.             *

## ORDER

Plaintiff, who was formerly housed at the D. Ray James Correctional Facility in Folkston, Georgia, filed this cause of action pursuant to 28 U.S.C. § 1331 and <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).[1] Dkt. Nos. 1, 3. According to Plaintiff, he filed two requests with Defendant Clinton, the then-Secretary of State for the United States of America, to receive a certificate of a non-citizen national of the United States, via certified mail, with no response. Dkt. No. 1, p. 5. Plaintiff seeks to have an

---

[1] Plaintiff was released from the Bureau of Prisons' custody on December 31, 2012. www.bop.gov/inmateloc/, last accessed on Mar. 30, 2015. Plaintiff signed his Complaint on December 21, 2012, but it was not filed in this Court until January 3, 2013. Dkt. No. 1. Plaintiff was deported to Peru during the pendency of this cause of action. Plaintiff was detained on March 25, 2014, at the Western Region Detention Facility in San Diego, California, following his illegal reentry into the United States. Dkt. No. 22, p. 2. Plaintiff was still housed in the San Diego facility as of November 5, 2014. Dkt. No. 30.

original copy of this certificate issued to him via this cause of action. Id. at p. 6.

Defendant Clinton, by and through the United States Attorney's Office for the Southern District of Georgia, filed a Motion to Dismiss. Dkt. No. 11. Defendant asserts this Court should decline to imply that a Bivens remedy is available to Plaintiff and find further that Secretary Clinton is entitled to qualified immunity. Id. at p. 1. Plaintiff filed several Responses to Defendant's Motion.[2] Dkt. Nos. 18, 26, 27. For the reasons set forth below, Defendant's Motion to Dismiss is **GRANTED**.

## FACTUAL BACKGROUND

Plaintiff was born in Lima, Peru, on May 23, 1947, and he lived in Peru until September 3, 1970. Dkt. No. 1-1, p. 2. Plaintiff contends he learned he is eligible to become a "national" of the United States of America under Section 101(a)(22) of the Immigration National Act in November 2011. Id. at p. 3. Plaintiff bases his eligibility for this status on his assertions that he swore his "permanent allegiance" to the United States by serving from March 1976 to March 1979 in the

---

[2] Plaintiff filed a Motion to Amend his Complaint, dkt. no. 14, subsequent to the filing of Defendant's Motion to Dismiss. Plaintiff's Motion was granted by Order dated July 25, 2013, which also dismissed Defendant's Motion to Dismiss as moot. Dkt. No. 17. Defendant filed a notice to the Court stating Plaintiff never filed an amended complaint within the time permitted by the Court and renewed her Motion to Dismiss. Dkt. No. 22. The portion of Defendant's notice seeking renewal of her Motion to Dismiss was granted by Order dated May 28, 2014. Dkt. No. 23.

2

United States Army, from which he was honorably discharged. He states further that he has willingly relinquished his Peruvian citizenship. Id. & at p. 4. According to Plaintiff, he applied to become a naturalized citizen of the United States in 1978, and in June 1979, he passed the naturalization examination with Immigration and Naturalization Services ("INS").[3] Id. at p. 5. Plaintiff states he has maintained a residence in the United States for 42 years (as of the date of his Complaint), had been married to a naturalized United States citizen since 1970, and worked for the United States Postal Service for 16 years.[4] Id. at p. 6.

## LEGAL STANDARD

Under a Rule 12(b)(6) motion to dismiss, a court must "accept[ ] the allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiff." Belanger v. Salvation Army, 556 F.3d 1153, 1155 (11th Cir. 2009). "A complaint must state a facially plausible claim for relief, and '[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Wooten v. Quicken Loans, Inc., 626 F.3d

---

[3] There is evidence before the Court that Plaintiff withdrew his petition for naturalization. Dkt. No. 26-1, p. 13.

[4] Plaintiff's application to file petition for naturalization indicates Plaintiff's wife is an alien and that they were married on October 1, 1971. Dkt. No. 1-1, p. 9.

1187, 1196 (11th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" does not suffice. Iqbal, 556 U.S. at 678.

"The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal punctuation and citation omitted). While a court must accept all factual allegations in a complaint as true, this tenet "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient. Id.

Ordinarily, a court's review on a motion to dismiss is limited to the factual allegations on the face of the complaint. See id. If a court is presented with matters outside the pleadings on a motion to dismiss, the motion to dismiss is converted into one for summary judgment. FED. R. CIV. P. 12(d). However, there are certain instances in which a court may consider matters outside the pleadings without transforming a motion to dismiss into a summary judgment motion. See Davis v. Self, 547 F. App'x 927, 929 (11th Cir. 2013).

For example, a court may consider copies of documents that a plaintiff has attached to the complaint. Brooks v. Blue Cross & Blue Shield of Fla., 116 F.3d 1364, 1368 (11th Cir. 1997) (a court may examine "the face of the complaint and attachments thereto"). In addition, a court may look to documents that are central to, or referenced in, the complaint. Davis, 547 F. App'x at 929 (a court may reference "other sources courts ordinarily examine when ruling on . . . dismissal, in particular, documents incorporated into the complaint by reference[ ]") (quoting Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007)).

## DISCUSSION[5]

Defendant advances several arguments in support of her Motion to Dismiss Plaintiff's Complaint. Defendant contends that, in order for Plaintiff to bring this action under Bivens, this Court would have to imply a constitutional tort action based on Plaintiff's allegations. Dkt. No. 11, p. 6. However, Defendant asserts, Plaintiff fails to identify any constitutional provision Defendant violated by allegedly failing to respond to his requests for a certificate of a non-citizen national of the United States. Defendant maintains she is sued

---

[5] Plaintiff's many Responses to Defendant's Motion to Dismiss are not actually responsive to the Motion. Rather than addressing Defendant's arguments, Plaintiff wishes to argue that he is, in fact, a national of the United States. Dkt. Nos. 18, 26, 27. As Plaintiff's status is not presently before this Court in considering Defendant's Motion to Dismiss, the Court need not address Plaintiff's status.

in her professional capacity as the former Secretary of State, and Plaintiff seeks equitable relief.  In addition, Defendant states there is an alternative process in place which protects Plaintiff's interests.

In Bivens, the United States Supreme Court "recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 66 (2001).  The "authority to imply a new constitutional tort, not expressly authorized by statute, is anchored in [the federal courts'] general jurisdiction to decide all cases 'arising under the Constitution, laws, or treaties of the United States.'" Id. (quoting 28 U.S.C. § 1331).  The Supreme Court has extended Bivens in very few instances and has "consistently refused to extend Bivens liability to any new context or new category of defendants." Id. at 68.  The Supreme Court has determined that "the purpose of Bivens is to deter *the officer*" involved in a constitutional violation. FDIC v. Meyer, 510 U.S. 471, 485 (1996) (emphasis in original); Malesko, 534 U.S. at 70 (noting the purpose of Bivens "is to deter individual federal officers from committing constitutional violations.").

In this case, Plaintiff names Hillary Clinton, in her capacity as the then-Secretary of the United States, as the Defendant.  Plaintiff fails to set forth any claim that

Defendant violated his constitutional rights. Moreover, Plaintiff does not seek monetary relief, but rather seeks the issuance of a certificate as a non-citizen national of the United States. This is a remedy available from the Secretary of State, acting in her or his official capacity. See 8 U.S.C. § 1452(b).[6] However, "Bivens only applies to claims against federal officers in their individual capacities; it does not create a cause of action for federal officers sued in their official capacities." Sharma v. Drug Enforcement Agency, 511 F. App'x 898, 901 (11th Cir. 2013) (citing Malesko, 534 U.S. at 69-

---

[6] A person who claims to be a national, but not a citizen, of the United States may apply to the Secretary of State for a certificate of non-citizen national status. Upon--

> (1) proof to the satisfaction of the Secretary of State that the applicant is a national, but not a citizen, of the United States, and
>
> (2) in the case of such a person born outside of the United States or its outlying possessions, taking and subscribing, before an immigration officer within the United States or its outlying possessions, to the oath of allegiance required by this chapter of a petitioner for naturalization,

the individual shall be furnished by the Secretary of State with a certificate of non-citizen national status, but only if the individual is at the time within the United States or its outlying possessions.

8 U.S.C. § 1452(b). Defendant notes Plaintiff fails to establish he is a non-citizen national, as taking the United States Army's oath of allegiance is not a valid method of acquiring United States, non-citizen nationality. Dkt. No. 11, p. 8 n.2. There is ample authority to support this position. See Rankine v. Attorney Gen. of United States, 351 F. App'x 601, 604 (3d Cir. 2009) (performance of military service an insufficient basis to become a national of the United States); Daly v. Gonzales, 129 F. App'x 837, 842 (4th Cir. 2005) (rejecting the petitioner's claims to being a national of the United States by virtue of living in the United States for 26 years and serving in the United States Marine Corps); see also, Sebastian-Soler v. United States Attorney Gen., 409 F.3d 1280, 1285 (11th Cir. 2005) (rejecting the petitioner's assertion that he is a national of the United States because he asserted permanent allegiance to the United States and concluding a person becomes a national of the United States "only through birth or naturalization[.]"). However, the Court need not resolve this issue to resolve the instant Motion.

71). Accordingly, the Court declines to imply a viable cause of action against former Secretary Clinton, in her official capacity, pursuant to Bivens. In addition, to the extent Plaintiff wishes to assert that his application for a certificate of non-citizen national was "wrongfully denied" (as Defendant characterizes a reading of Plaintiff's Complaint), Bivens does not provide his requested relief. Minneci v. Pollard, ___ U.S. ___, 132 S. Ct. 617, 620 (Jan. 10, 2013) (no Bivens remedy is available where adequate, alternative actions exist) (citing Wilkie v. Robbins, 551 U.S. 537, 550 (2007)). Rather, Plaintiff can pursue such a cause of action pursuant to Section 1503 of Title 8 of the United States Code. That statute provides, in relevant part:

> If any person who is within the United States claims a right or privilege as a national of the United States and is denied such right or privilege by any department or independent agency, or official thereof, upon the ground that he is not a national of the United States, such person may institute an action under the provisions of section 2201 of Title 28 against the head of such department or independent agency for a judgment declaring him to be a national of the United States, except that no such action may be instituted in any case if the issue of such person's status as a national of the United States (1) arose by reason of, or in connection with any removal proceeding under the provisions of this chapter or any other act, or (2) is in issue in any such removal proceeding.

8 U.S.C. § 1503. Section 2201 permits a federal court to "declare the rights and other legal relations of any interested

party seeking such declaration. . . Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." 28 U.S.C. § 2201(a). Because Plaintiff has other adequate remedies available to him, <u>Bivens</u> does not provide Plaintiff with his requested relief.

Put simply, even when accepting Plaintiff's allegations as true, he has failed to state a facially plausible claim for relief against Defendant. In light of the fact that Plaintiff has failed to state a viable claim, it is unnecessary to address Defendant's entitlement to qualified immunity. <u>Martinez v. Burns</u>, 459 F. App'x 849, 851 (11th Cir. 2012) (qualified immunity defense need not be addressed if the plaintiff cannot sustain a constitutional violation).

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** Defendant's Motion to Dismiss. Dkt. No. 11. The Clerk of Court is directed to **ENTER FINAL JUDGMENT** in favor of Defendant and to **CLOSE** this case.

**SO ORDERED**, this 31 day of March, 2015.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA